UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RONALD MILLARD IRBY                          CIVIL ACTION NO. 13-429
    LA. DOC #98804                                       SECTION P

VERSUS                                                JUDGE TRIMBLE

DIRECTOR, LOUISIANA DEPT.                MAGISTRATE JUDGE KAY
OF CORRECTIONS, ET AL


<u>REPORT AND RECOMMENDATION</u>


      Plaintiff Ronald Irby, proceeding *in forma pauperis,* filed the instant civil rights complaint on February 27, 2013.[1]  At the time of filing, plaintiff was a pre-trial detainee in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and was housed at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.  He was subsequently transferred to Avoyelles Correctional Center, Cottonport, Louisiana.

      Plaintiff names the following as defendants:  Tony Mancuso, Calcasieu Parish Sheriff; CCC Commander Victor Salvador; CCC Warden Daniel Burkhalter; CCC Assistant Warden Gregory Tete;  Nurse Practitioners Carol Thornton and John Knight; Nurse Ina Breaux; and, Al Mancuso, Building and Premises Program Administrator for the Louisiana Department of Health and Hospitals.  Doc. 24.

      This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

---

[1] Plaintiff filed amended complaints on March 25, 2013 [doc. 7], July 25, 2013 [doc.14], and November 6, 2013 [docs. 24 and 25].

## I.  Background

On September 30, 2013, this court issued a memorandum order [doc. 17] directing plaintiff to amend his complaint in order to provide additional information in support of his claims.  Plaintiff complied with the amend order on November 6, 2013 [docs. 24 and 25].  In his response to the amend order, plaintiff dismissed some of the named defendants as well as some of his claims.  His claims before the court are as follows: (1) overcrowding in cells; (2) inadequate health care; (3) denial of access to courts through inadequate law library and lack of legal aid; (4) inadequate air quality and ventilation; and, (5) inadequate sanitation.  Doc. 25, pp. 2-10.  Plaintiff seeks injunctive relief relative to his claims.  Doc. 25, pp. 13-14.

## II.  Law & Analysis

### A.  Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.   *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

**B. Requested Relief**

Plaintiff prayed only for prospective injunctive relief.  Specifically, he asked the court to order CCC to take the following actions: (1) remove extra cell bunks to relieve overcrowding; (2) conduct medical screenings of new inmates and quarantine inmates with infectious diseases; (3) comply with standard doctor/patient ratios; (4) install an adequate law library; (5) install an air filtration system; and, (6) have full extermination services done on a quarterly basis.  Doc. 25, pp. 13-14.

**C. Mootness**

As previously stated, plaintiff has been transferred from CCC.  Therefore, his requests for injunctive relief are moot.  The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot.  *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to CCC would make his claims capable of repetition yet evading review.  *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975).  Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at CCC.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  At its most lenient, the standard is not

mathematically precise and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19 (1988).

Even under the most permissive interpretation, plaintiff's complaint does not meet the standard. Simply put, plaintiff is now incarcerated at Avoyelles Correctional Center, and there is no allegation or evidence indicating a reasonable likelihood that he would be returned to CCC. Therefore, plaintiff's claims for injunctive relief should be dismissed for failing to state a claim for which relief may be granted. *See Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) (citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)).

### III. Conclusion

For reasons given,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir.1996).**

THUS DONE this 12th day of February, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE